**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re | ) |
| TGIBEDES, Arthur | ) Chapter 13 |
|  | ) Case No. 24-11679-JEB |
| Debtor(s) | ) |

**ORDER CONFIRMING CHAPTER 13 PLAN**

The Debtor(s) filed a Chapter 13 Plan on March 20, 2025 (the "Plan"). The Debtor(s) filed a Certificate of Service on April 1, 2025 reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed, or all objections were overruled by the Court or resolved by the parties. Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed. The term of the Plan is 60 months.

2. The Plan payments are:

   $200.00 per month for 60 months

   Meals taxes due to MDOR will be paid from sale CT & JJ, inc, and by payments made by ACT Hospitality, that are the primary obligors on the meals taxes.

3. Payments shall be made electronically through TFS/ePay, by Money Order, or Bank Treasurer's check (personal checks will not be accepted) and made payable to and forwarded to Carolyn A. Bankowski, Chapter 13 Trustee, PO Box 1131, Memphis, TN 38101-1131.

4. The effective date of confirmation of the Plan is October 1, 2024. The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed Plan are set forth on the attached Summary of Disbursements To Be Made Under the Plan (the "Summary") which is incorporated by reference. Interested parties should consult the Plan for treatment of their particular claims and other significant provisions of the Plan.

5. Unless the Court orders otherwise, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the

Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the Debtor(s) as set forth in section 9 of the Summary. All property of the estate shall remain within the exclusive jurisdiction of this Court. The Debtor(s) shall not transfer, sell, or otherwise alienate property of the estate other than in accordance with the confirmed Plan or other order of the Court. The Debtor(s) shall be responsible for preserving and protecting property of the estate.

      6.      The Debtor(s) shall promptly inform the Trustee of any material increase in income and/or any acquisition of assets during the case. The Trustee shall file a motion to modify the Plan pursuant to 11 U.S.C. § 1329 if the Trustee determines that any change in income or assets may be available to increase the dividend to creditors. The foregoing provision is in addition to any obligation of the Debtor(s) to file amended schedules in the event of any such increase.

By the Court,

Dated: 8/12/25

_____
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re  )
TGIBEDES, Arthur  )  Chapter 13
  )  Case No. 24-11679-JEB
  Debtor(s)  )

## SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

**1.    Unmodified Secured Claims**

a) Huntington National Bank is retaining its lien against the Ford F-150. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with Huntington National Bank. Huntington National Bank will be paid its pre-petition arrearage in the sum of $604.06 over 60 months in the sum of $10.07 per month.

**2.    Modified Secured Claims**

NONE

**3.    Liens Avoided under 11 U.S.C. § 522(f)**

NONE

**4.    Surrender of Collateral**

NONE

**5.    Priority Claims**

MDOR shall receive $4,398.04.

6. **Administrative Expenses**

John Desmond, Esq. will be paid attorney fees in the sum of $2,813.00 over 12 months.

7. **Unsecured Claims**

The Plan is a "pot" Plan and proposes to pay the general unsecured creditors a pro rata share of $2,984.90.

8. **Executory Contracts**

NONE

9. **Vesting of Property of the Estate**

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon the entry of the discharge. If the debtor(s) does not receive a discharge, property of the estate will vest in the Debtor(s) upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) the dismissal of the case.

10. **Nonstandard Provisions**

The Debtor is the officer and shareholder of two corporations that operate restaurants that are debtors in possession in this court, namely, Act Hospitality, Inc. (24-40604) and CT & JJ, Inc. (24-11159). The Debtor has been assessed as Responsible Person for certain meals taxes owed by the two corporations. The two corporations have filed plans to repay the tax debt in full.

If either of the Chapter 11 cases are dismissed or converted to Chapter 7, or fails to pay MDOR in accordance with the terms of the confirmed plan, then the Massachusetts Department of Revenue may request that Debtor file an amended Chapter 13 plan that provides for the payment of the unpaid meals taxes of the dismissed or converted corporations.